■ PHILIP TANEN, Appellant, v DOUGLAS ELLIMAN, LLC, et al., Respondents. [45 NYS3d 94]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered November 4, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the cause of action for breach of contract, and granted defendants' motion for summary judgment dismissing that cause of action, unanimously modified, on the law, to deny defendants' motion, and otherwise affirmed, without costs.

The August 2009 letter agreement is ambiguous as to whether the independent contractor status established therein for plaintiff was intended to be in effect for the same stated term as the extended term of a pre-existing agreement to which plaintiff was not a party or whether plaintiff's previous status as an at-will employee was intended to be carried forward (*see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278 [2005]). The extrinsic evidence cited by the parties, including an affidavit by one of defendants' former managing directors, an affidavit by a signatory to the letter agreement (plaintiff's former father-in-law), and plaintiff's own deposition testimony, does not resolve the ambiguity.

The letter agreement is also ambiguous in providing that plaintiff's compensation will consist of a percentage of commissions received by defendants, without addressing whether plaintiff will be compensated for sales initiated during his tenure (or during the term, if any, of his independent contractor status) but not closed until afterwards. The extrinsic evidence cited by the parties does not resolve this ambiguity.

In light of the foregoing, it is premature to consider the amount of commissions due to plaintiff for sales that closed after his termination. Concur—Sweeny, J.P., Renwick, Andrias, Kahn and Gesmer, JJ.